2004 OK 73

STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Allen J. AUTRY, Respondent.

No. SCBD 4826.

Supreme Court of Oklahoma.

Sept. 21, 2004.

ORDER APPROVING RESIGNATION FROM THE OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶ 1 This matter is before this Court pursuant to Rules 8.1 and 8.2 of the Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, for consideration of the Oklahoma Bar Association's May 3, 2004 application for an order approving the affidavit of resignation pending disciplinary proceedings of respondent, Allen J. Autrey.

¶ 2 Upon consideration, we find:

1. On April 30, 2004, respondent signed and submitted his affidavit requesting he be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law pending disciplinary proceedings.

2. Respondent's resignation is freely and voluntarily tendered, he was not subject to coercion or duress and he is fully aware of the consequences of submitting his resignation.

3. Respondent is aware that his resignation is subject to the approval of this Court; however, he intends that it should be effective from the date and time of its execution, and he will conduct his affairs accordingly.

4. Respondent is aware that disciplinary actions are pending against him in this Court which charge him with four counts of misconduct. A formal complaint filed July 21, 2003, set forth two counts of al-

---

leged misconduct constituting grounds for professional discipline, violating Rules 1.1, 1.3, 1.4, 1.15, 3.2, 8.1(b) and 8.4(a) and (c) of the Rules of Professional Conduct, 5 O.S.2001, Ch. 1, App. 3–A, and Rules 1.3, 1.4 and 5.2 of the Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch.1, App.1–A.

The complaint charges in the first count that respondent commingled his client's settlement money with his own business account, did not pay the client's medical providers, and failed to respond to the grievance after notification by the Oklahoma Bar Association.

In the second count it charges that respondent accepted a retainer from his client but did not represent her with competence, diligence and promptness, and that he failed to respond to her requests for information and to the grievance after notification by the Oklahoma Bar Association.

5. On September 15, 2003, the complaint was amended with the third count of misconduct, charging that respondent took a retainer from his client and neglected her case, and that he failed to respond to the grievance after notification by the Oklahoma Bar Association and failed to appear at the Bar Center as ordered by a subpoena duces tecum. The amendment alleges respondent's misconduct violated Rules 1.1, 1.3, 1.4, 3.2, 8.1(b), and 8.4(a)and (c) of the Oklahoma Rules of Professional Conduct, and Rules 1.3 and 5.2 of the Rules Governing Disciplinary Proceedings.

6. On October 15, 2003, a second amendment was filed, adding the fourth count of alleged misconduct which also charged respondent with taking a retainer from a client then neglecting the client's case, failing to communicate with the client despite client's repeated requests for information and failing to respond to the grievance when notified by the Bar. The amended complaint alleged respondent violated Rules 1.1, 1.3, 1.4, 3.2, 8.1(b), and 8.4(a)and (c) of the Oklahoma Rules of Professional Conduct, and Rules 1.3 and 5.2 of the Rules Governing Disciplinary Proceedings.

7. Respondent is also aware that grievances have been lodged against him and are currently under investigation by the Office of the General Counsel of the Oklahoma Bar Association, and they set forth the following as grounds for discipline:

(a) DC 03–442 is a grievance alleging respondent accepted money to represent a client, then abandoned her case and failed to communicate with her.

(b) DC 03–447 is a grievance alleging respondent abandoned his client's custody case after accepting a retainer, and failed to timely respond to the grievance after notification by the Bar Association.

8. Respondent is aware that the burden of proof regarding the allegations of wrongdoing set forth in the affidavit rests upon the Oklahoma Bar Association, and he waives all right to contest the allegations.

9. Respondent is aware that the allegations concerning his conduct, if proven, would constitute violations of the Rules 1.3, 1.4 and 5.2, Governing Disciplinary Proceedings, 5 O.S.2001, Ch.1, App.1–A, and Rules 1.1, 1.3, 1.4, 1.5, 1.15, 1.16, 3.2, and 8.4(A) and (C), Oklahoma Rules Of Professional Conduct, 5 O.S.2001, Ch. 1, App. 3–A, and his oath as an attorney.

10. Respondent is aware of the requirements of Rule 9.1 of the Rules Governing Disciplinary Proceedings, and will comply with the provisions within twenty days following his resignation.

11. Respondent is aware that he may not make application for reinstatement for membership in the Oklahoma Bar Association prior to the expiration of five years from the effective date of the order approving his resignation and that reinstatement requires full compliance with Rule 11 of the Rules Governing Disciplinary Proceedings.

12. Respondent is aware that the Client Security Fund may receive claims from his former clients, and if the Oklahoma Bar Association approves and pays any claims against him, he will reimburse the Bar Association for those funds, including principal and statutory interest, prior to filing an application for reinstatement.

13. Although costs have been incurred by the complainant, Oklahoma Bar Association, in the investigation of this matter,

complainant has agreed to waive payment of these costs by respondent.

14. The official roster address of respondent is: Allen J. Autrey, P.O. Box 570993, Tulsa, OK 74157.

15. Respondent's resignation pending disciplinary proceedings complies with all requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings.

¶3 IT IS THEREFORE ORDERED that complainant's application is approved and respondent's resignation is accepted and approved effective May 3, 2004.

¶4 IT IS FURTHER ORDERED that respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the effective date of this Order. See *State ex rel. Oklahoma Bar Association v. Bourland*, 2001 OK 12, ¶14–17, 19 P.3d 289.

¶5 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 20th DAY OF SEPTEMBER, 2004.

¶6 WATT, C.J., OPALA, V.C.J., LAVENDER, HARGRAVE, KAUGER, WINCHESTER, EDMONDSON, JJ., concur.